```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

CARLA NORDWALD,                    )
                                   )
            Plaintiff,             )
                                   )
      vs.                          )      No. 4:08-CV-221 (CEJ)
                                   )
KELLY SERVICES, INC. and           )
BODINE ALUMINUM, INC.,             )
                                   )
            Defendants.            )

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' separate motions to dismiss for failure to state a claim pursuant to Rule 12(b)(6), Fed.R.Civ.P. Plaintiff has failed to file a response in opposition to the motions, despite being granted two extensions of time to do so.

Plaintiff Carla Nordwald alleges that she was employed by defendant Kelly Services, Inc., and was assigned to work as a temporary employee for defendant Bodine Aluminum, Inc. Plaintiff further alleges that defendants subjected her to a hostile work environment, sexual harassment, and *quid pro quo* sexual harassment. Plaintiff brings suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. Defendants seek dismissal, arguing that plaintiff has failed to allege sufficient facts to give them fair notice of the grounds of her claims.

**I.  Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it

strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1965 (May 21, 2007) citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic, 127 S. Ct. at 1974. See also id. at 1969 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965. As relevant here, an employment discrimination plaintiff need not allege sufficient facts establishing a *prima facie* case to survive a motion to dismiss. Swierkiewicz, 534 U.S. at 515.

**II. Discussion**

Count I of plaintiff's complaint is directed to defendant Kelly Services, Inc., and includes the following allegations: First, plaintiff was employed by Kelly Services as a temporary worker for Bodine Aluminum, Inc. Second, she "was subjected to a hostile work environment, sexual harassment, and quid pro quo

sexual harassment on account of her sex." Third, the harassment was "offensive both subjectively and objectively, the conduct and language was pervasive and demeaning, and [it] interfered with plaintiff's ability to perform her job duties." And, finally, defendant Kelly Services, Inc., "failed to take adequate steps to prevent sexual harassment and . . . to effectively and promptly investigate and respond to the complaints of harassment." Count II of plaintiff's complaint is directed to defendant Bodine Aluminum, Inc., whom plaintiff also alleges was her employer. She alleges that she "was subjected to a hostile work environment and sexual harassment on account of her sex . . . by Bodine Aluminum, Inc., supervisors and management." Her third and fourth allegations against Bodine Aluminum are identical to those against Kelly Services.

Defendants argue that the Supreme Court's decision in <u>Bell Atlantic</u> made the "pleading standard applicable to a complaint significantly more stringent." While it is true that the <u>Bell Atlantic</u> decision disavowed the "no set of facts" formulation set forth in <u>Conley</u>, 127 S.Ct. at 1968, the Supreme Court did not alter the notice-pleading standards of Rule 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." <u>Tamayo v. Blagojevich</u>, --- F.3d ---, 2008 WL 2168638 (7th Cir. May 27, 2008) (<u>Bell Atlantic</u> did not supplant basic notice-pleading standard). Indeed, since deciding <u>Bell Atlantic</u>, the Supreme Court has restated that it is not necessary to plead specific facts to satisfy Rule 8(a). <u>Erickson v. Pardus</u>,

127 S. Ct. 2197, 2200 (2007) (citing <u>Bell Atlantic</u> and reversing Rule 12(b)(6) dismissal of complaint).

Defendants argue that, under <u>Bell Atlantic</u>, plaintiff must provide details regarding the "quality or quantity" of the alleged sexual harassment. Plaintiff's allegations satisfy all of the necessary elements of her hostile environment claims. <u>See</u> <u>Henthorn v. Capitol Communications, Inc.</u>, 359 F.3d 1021, 1026 (8th Cir. 2004); <u>Duncan v. General Motors Corp.</u>, 300 F.3d 928, 933 (8th Cir. 2002) (setting forth elements of claim). Plaintiff will eventually be required to present evidence to support her claim that the offensive conduct was severe and pervasive, but at the pleading stage of the litigation she is required only to state a claim that, if supported by evidence, would entitle her to the relief she requests. She has met this requirement.

Defendants also argue that plaintiff fails to allege that she reported the harassment. As stated above, both counts of plaintiff's complaint include the allegation that defendants failed to investigate and respond to "the complaints" regarding harassment. It is true that plaintiff does not allege who complained, but her allegations adequately state that defendants had notice of the alleged conduct. The Court concludes that plaintiff has sufficiently stated a claim for relief.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Bodine Aluminum, Inc., to dismiss Count II of plaintiff's complaint [Doc. #5] is **denied.**

**IT IS FURTHER ORDERED** that the motion of defendant Kelly Services, Inc., to dismiss Count I of plaintiff's complaint [Doc. #10] is **denied**.

**IT IS FURTHER ORDERED** that the defendants shall have until **June 30, 2008**, in which to file their answers to the complaint.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 18th day of June, 2008.